**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wireless Investors LLC, | No. CV-25-02633-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Semtech Incorporated, et al., | |
| Defendants. | |

This case was removed from Maricopa County Superior Court on July 25, 2025. On August 4, 2025, Plaintiff Wireless Investors LLC ("Plaintiff") filed a Motion to Remand to State Court. (Doc. 11). Defendant Anduril Industries, Inc. ("Defendant Anduril" or "Anduril") and specially appearing Defendant Semtech Corporation ("Defendant Semtech" or "Semtech") (collectively, "Defendants") filed a Joint Opposition of Plaintiff's Motion to Remand on August 18, 2025. (Doc. 15). Plaintiff then filed a Reply on August 25, 2025. (Doc. 16).[1]

**I.   Background**

Plaintiff filed suit against Defendants in Maricopa County Superior Court of Arizona on May 24, 2025. (*See* Doc. 1-1). A First Amended Complaint was filed on June 22, 2025. (Doc. 1 at ¶ 2). The claims alleged against one or both Defendants are breach of contract, breach of the implied covenant of good faith and fair dealing, common law fraud, conversion/civil conspiracy, aiding and abetting fraud and conversion, tortious

---

[1] Defendants have also each filed Motions to Dismiss. (Docs. 9 & 14). The Court will address these Motions by separate order.

interference with economic expectation, negligent misrepresentation, and unjust enrichment. (Doc. 1-1 at ¶¶ 37–148). Defendant Anduril accepted service of the necessary documents on July 10, 2025. (Doc. 1 at ¶ 4).

On July 25, 2025, Defendant Anduril removed the case to the United States District Court for the District of Arizona, based on diversity jurisdiction. (Doc. 1 at ¶ 6). In Defendant's Notice of Removal, it claims that complete diversity of citizenship exists– Plaintiff is a citizen of Arizona, Defendant Anduril is a citizen of California (principal place of business) and Delaware (state of incorporation), and Defendant Semtech is a citizen of California (principal place of business) and Delaware (state of incorporation). (*Id.* at ¶¶ 11–13). Defendant Anduril further states that Plaintiff identified a breach for non-payment of $684,741.68 and labeled this case as a "Tier 3 action," which under Arizona Rule of Civil Procedure 26.2(c)(3)(C) is an action "claiming $300,000 or more in damages…." (*Id.* at ¶¶ 18–19). Finally, although Defendant Semtech maintains that it was not properly served, it consented to Defendant Anduril's removal. (*Id.* at ¶9). Thus, Defendant Anduril claims that the requisites for diversity jurisdiction are established and removal is proper.

Following the case's removal to federal court, Plaintiff moved to remand proceedings to state court. (Doc. 11).

## II. Legal Standard

Under 28 U.S.C. § 1441(a), removal is appropriate for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction...." A defendant desiring to remove a civil action from state court to federal court must file their notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). The notice of removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *Id*. at 1446(a).

Removal must be based on federal question jurisdiction or diversity jurisdiction.

*SteppeChange LLC v. VEON Ltd.*, 354 F. Supp. 3d 1033, 1039 (N.D. Cal. 2018). As the proponent of the Court's jurisdiction, the removing defendant bears the burden of establishing that removal jurisdiction exists by a preponderance of the evidence. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006). Federal question jurisdiction exists where the action arises under federal law. 28 U.S.C. § 1331. Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the case is between citizens of different states, or citizens of a state and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a)(2). In diversity cases, the general rule is that the amount claimed by a plaintiff in their complaint determines the amount in controversy, unless it appears to a legal certainty that the claim is for less than the jurisdictional amount. *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938).

## III.    Discussion

Plaintiff challenges removal on three bases. Plaintiff first argues that removal was improper because the parties' contract requires the application of Arizona law to their dispute. Second, Plaintiff says Semtech failed to join the Notice of Removal in writing and thus did not give consent to the removal. Finally, Plaintiff argues that removal will result in a severing of the case, leading to judicial inefficiency and conflicting results. (Doc. 11 at 1–2). Plaintiff further argues that limited discovery is warranted to determine whether complete diversity exists. (*Id.* at 2).

At the outset, the Court notes the amount in controversy requirement is not in dispute. Plaintiff concedes that damages exceed $75,000. (*See* Doc. 16 at 2 n. 1). The Court will address each of Plaintiff's arguments in turn.

### A.    Complete Diversity

Plaintiff first argues that the choice of law provision in Plaintiff and Defendant Anduril's General Services Agreement ("GSA") "impedes <u>complete diversity</u> and the propriety of removal exists when [Auduril] **omitted the contract** and the dispute is grounded in Arizona law and local facts." (Doc. 11 at 4–7).

First, Plaintiff's argument that the GSA's choice of law provision somehow destroys

complete diversity here is unavailing. Understandably, Plaintiff offers no authority to buttress this notion.[2] Both Plaintiff and Anduril acknowledge that the GSA does not include a forum selection clause (Doc. 11 at 5; Doc. 15 at 5), but rather mandates that disputes are governed by Arizona laws. As federal courts apply state substantive law as necessary, such a choice of law provision can be given full effect in federal court. *See Magellan Real Est. Inv. Tr. v. Losch*, 109 F. Supp. 2d 1144, 1157 (D. Ariz. 2000) ("Arizona courts…would effectuate the intent of parties who drafted a choice of law provision by applying the chosen law to all claims within the scope of the provision.").

Plaintiff's position that the predominance of Arizona law in this case warrants remand also fails. In support of its argument, Plaintiff submits that Arizona courts are better suited to interpreting Arizona substantive law and the key events occurred in Arizona. (Doc. 11 at 6–7). Be that as it may, these points do not factor into whether removal was proper or remand is necessary. And the cases cited by Plaintiff do not support Plaintiff's position. *Hunter v. Philip Morris USA*, 582 F.3d 1039 (9th Cir. 2009) does not stand for the proposition that "[e]ven facially diverse cases may be remanded if the context reveals a local controversy." (Doc. 11 at 4). Instead, the Ninth Circuit in *Hunter* reasoned that where the complaint did not obviously fail to state a claim against a defendant, a nondiverse defendant was not fraudulently joined, and thus the case should have been remanded. *Hunter*, 582 F.3d at 1048. *Berg v. First State Ins. Company* also does not support Plaintiff's contention that courts sometimes find remand appropriate when removal undermines a state court forum for contract disputes governed by state law. 915 F.2d 460 (9th Cir. 1990). In fact, neither the remand nor the removal of a case is discussed in *Berg*. Rather, the Ninth Circuit affirmed the dismissal of the case's two remaining state law claims because "state issues predominate[d] and all federal claims [were] dismissed." *Id.* at 468. Of course, under the *Erie* doctrine, "federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518

---

[2] Notably, the quote identified by Plaintiff, "[w]here significant contacts with the forum state exist and no unique federal interest is implicated, remand may be appropriate," does not appear anywhere in *Gardner v. UICI*, 508 F.3d 559 (9th Cir. 2007). Plaintiff, nonetheless, utilizes it again in its Reply. (Doc. 16 at 3).

- 4 -

U.S. 415, 427 (1996). This means that federal courts routinely apply and consider relevant state law, when adjudicating state law claims.

Importantly, these arguments in no way establish that complete diversity is lacking. The pertinent information before the Court is that Plaintiff is a citizen of Arizona (Doc. 11 at 7), Defendant Anduril is a citizen of California (principal place of business) and Delaware (state of incorporation) (Doc. 1 at ¶ 12), and Defendant Semtech is believed to be a citizen of California (principal place of business) and Delaware (state of incorporation) (*id.* at ¶ 13). As Plaintiff has not demonstrated a nondiverse party, the diversity requirement under § 1332 is satisfied.

### B. Consent to Removal

Plaintiff next argues that Defendant Semtech "did not join" the removal in noncompliance with § 1441's requirement that all defendants either consent to or join a removal. (Doc. 11 at 3). No further detail or argument about Defendant Semtech's failure to join or consent to the removal is provided in Plaintiff's Motion. In response, Defendants argue that Semtech has not been properly served, so Semtech's absence from removal notice does not render it defective. (Doc. 15 at 5). Defendants, additionally, point to the consent averment in the Notice and the email from Semtech's counsel giving consent to removal. (*Id.* at 5–6). Plaintiff, in its Reply, argues that Semtech's consent was ambiguous but, if Semtech consented, then it waived its challenges to service and forum. (*See* Doc. 16 at 2–5).

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986). Put differently, a party that has not been properly served need not join a removal petition. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir. 1988).

Here, the parties dispute whether Defendant Semtech has been properly served. Indeed, Defendant Semtech's pending Motion to Dismiss is partially based on improper service. (Doc. 9). Resolution of that issue, however, is not necessary to find that Semtech

consented to the removal of this action because even if Semtech has been properly served, it has also clearly consented to the case's removal. The Notice of Removal states that "Defendant Semtech consents to removal to the District of Arizona under Section 1441, without waiving any defenses." (Doc. 1 at ¶ 9). The Notice also cites *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) to establish that "an averment of the other defendants' consent and signed by an attorney of record is sufficient" consent to removal, and it points to an email from Semtech's counsel consenting to removal. (*Id.*; Doc. 1-1 at 137). In the email, Semtech's counsel states:

> I am writing to provide you with written confirmation of Semtech Corporation's consent to removing the action filed in Maricopa County Superior Court captioned *Wireless Investors, LLC, et al. v. Semtech, Inc., et al.*, Case No. CV2025-018236.
>
> Semtech agrees that the federal courts have subject matter jurisdiction under 28 U.S.C. §1332(a) because (1) there is complete diversity of citizenship between Plaintiff and Defendants; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied. Semtech is a citizen of Delaware and California.
>
> I understand that Plaintiff's failure to properly serve Semtech may make the need for Semtech's consent unnecessary, but Semtech intends to challenge service via a Rule 12(b)(5) Motion after removal as indicated in my correspondence with Mr. McGill earlier today.
>
> In light of the above, you have permission to include an averment of Semtech's consent with Anduril's removal notice. *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009).

(Doc. 1-1 at 137).

Plaintiff nonetheless argues that Semtech's consent to removal was ambiguous. (Doc. 16 at 3). The Court disagrees. Defendant's counsel provided "written confirmation of Semtech Corporation's consent to removing the action" when he granted "permission to include an averment of Semtech's consent with Anduril's removal notice." (Doc. 1-1 at 137). The Notice, then, clearly states that "Defendant Semtech consents to removal[.]" (Doc. 1 at ¶ 9). *See Shah v. Aerotek, Inc.*, 2021 WL 3373789, *3 (D. Or. 2021) ("[The defendant's] Notice of Removal states that '[t]he Defendants who have been served

consent to this removal'…is legally sufficient."). Not only does the Notice of Removal sufficiently state that Semtech consents to removal, *Johnson v. Prologis NA2 U.S., LLC*, 2022 WL 13800427, *6 (C.D. Cal. 2022) ("Unlike other circuits, the Ninth Circuit allows one defendant to 'vouch' for the consent of another defendant under certain circumstances."), but the email exhibit also explicitly confirms Semtech's consent. (*See* Doc. 1-1 at 137)

Plaintiff also argues that, if Semtech consented to removal, it has also waived any objections to service, personal jurisdiction or forum. (*See* Doc. 16 at 4–5). The only support Plaintiff provides for its waiver argument is *City of Cleveland v. Ameriquest Mort. Securities, Inc.*, 615 F.3d 496 (6th Cir. 2010). There, during oral argument, the plaintiff contested the removal of its case, arguing that a defendant's consent to removal was invalid. *Id.* at 502. However, in its briefing on the motion to remand, plaintiff had conceded that all defendants gave their consent to removal. *Id.* The court determined that "[b]ecause the argument raised by Cleveland at oral argument is inconsistent with the arguments it made during the thirty day period, it has waived its objection to [the defendant's] consent." *Id.* The circumstances in *Cleveland* that resulted in the waiver of the plaintiff's argument are dissimilar to those here, and the case lends no support to Plaintiff's waiver argument that Semtech has waived service, personal jurisdiction, or forum objections by consenting to removal of this case to federal court. Defendant Semtech has not presented any contradictory positions to the Court about the propriety of removal or any other matter that would otherwise serve as a basis for finding it has waived its service, personal jurisdiction or forum arguments. Semtech agreed that federal subject matter jurisdiction existed in this action and is not attempting renege on its consent. Thus, unlike the plaintiff in *Cleveland*, Semtech has not waived any argument by way of contradictory statements to the Court.

Moreover, the Notice clearly states that Semtech's consent was given "without waiving any defenses" (Doc. 1 at ¶ 9), and Semtech's counsel clearly states Defendant Semtech's intent to challenge the improper service in the consenting email. (Doc. 1-1 at

- 7 -

137). Lastly, Plaintiff provides no support for its argument that Anduril lacked the authority to state, in the Notice, that Semtech's consent was given without waiving any defenses. (*See* Doc. 16 at 4).

In brief, Defendant Semtech's consent to removal was properly averred and does not act as a waiver of its defenses.

### C.  Severance of the Case and Inconsistent Judgments

Plaintiff contends in a heading, without any further explanation, that removal "Will Lead to Severance, Inefficiency, and Potentially Conflicting Results" and asserts that "[t]he Court should focus on whether joinder of allegedly conspiratorial defendants, as opposed to severance, would be equitable under all the circumstances." (Doc. 11 at 7–8). Plaintiff fails to explain how the four out-of-circuit cases he string-cites apply here. (*See id.* at 7–8). In no manner does Plaintiff demonstrate how removal has or would sever any part of this case or how remanding Plaintiff's case to state court would ameliorate this potential issue. The Court will not speculate; Plaintiff has insufficiently advanced its argument.

Plaintiff's equity argument (Doc. 11 at 7–8) is also not supported by its cited cases. The circumstances here, where Plaintiff filed a lawsuit in state court against two diverse Defendants and is attempting to remand proceedings with no amendments to the named Defendants, are readily distinguishable from the cases cited by Plaintiff. *Compare Irizarry v. Marine Powers Intern.*, 153 F.R.D. 12, 14-15 (D.P.R. 1994) (determining that the plaintiff's motion to amend was not an improper attempt to add a non-diverse party solely for the purpose of defeating federal jurisdiction and the denial of joinder would not serve the interest of judicial economy); *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181–82 (5th Cir. 1987) (discussing equitable factors that the district court should consider in deciding whether justice required allowing the joinder of a non-diverse defendant);[3] *Kelley v.*

---

[3] Plaintiff's parenthetical explanation of *Hensgens* states "denying remand would sever the action and impose a financial burden on the plaintiff, and judicial inefficiency and the danger of conflicting results move the court to disfavor parallel federal and state actions." (Doc. 11 at 8). The *Hensgens* court identified equitable factors that should be weighed in that matter and remanded the matter to the district court "to consider whether justice requires Hensgens to amend to add [the non-diverse defendant]." 833 F.2d at 1182. The court did not, however, offer the opinion expressed by Plaintiff.

*Vermont Mut. Ins. Co.*, 407 F. Supp. 2d 301, 306–10 (D. Mass. 2005) (discussing and balancing equitable factors in regard to plaintiff's motion to amend that sought to add a nondiverse party).

"The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment." *Hensgens*, 833 F.2d at 1182. "In *this* situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Id.* (emphasis added). Here, Plaintiff is not seeking to amend its Complaint in any fashion, much less in a manner that defeats federal jurisdiction, and, therefore, the balancing of equitable factors is unnecessary.

### D.    Jurisdictional Discovery

Having found no present cause to remand proceedings, Plaintiff, alternatively, requests that it be able to conduct limited jurisdictional discovery. (Doc. 11 at 9). Defendant Anduril opposes the request because the Court has no reason to suspect that the jurisdictional evidence is false and Plaintiff failed to specify what facts it hopes to discover. (Doc. 15 at 7).

"A district court is vested with broad discretion to permit or deny discovery[.]" *Laub v. U.S. Dept. of Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003). "And it is clear that a court may allow discovery to aid in determining whether it has in personam or subject matter jurisdiction." *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977). "[Jurisdictional] discovery should be granted when... the jurisdictional facts are contested or more facts are needed." *Laub*, 342 F.3d at 1093.

Here, Plaintiff requests that discovery should be granted concerning "Semtech's misleading assertion that it did not consolidate, combine, acquire or assume the IoT Solutions Agreement's rights and obligations in the IoT connectivity industry." (Doc. 16 at 11). Plaintiff further asserts that discovery is needed "to test Semtech assertions about having no connection to Sierra Wireless, Inc." (*Id.* at 8). However, the Court has not been

presented with any valid reason to question the pertinent facts that Defendant Semtech has its principal place of business in California and is incorporated in Delaware. Moreover, Plaintiff failed to identify the facts it seeks to discover or how they would change the Court's analysis. *See Estate of Palfy v. Del Dios Care, LLC*, 2022 WL 1017892, *5 (S.D. Cal. 2022). The Court also has concerns that the Defendant that Plaintiff would be seeking discovery from is arguing that it was not properly served. Plaintiff's request for jurisdictional discovery is, therefore, denied.

As a final matter, the citations offered by Plaintiff throughout its Motion and Reply are concerning. The citations, at times, included nonexistent quotes, misstated the holding, did not support the premise put forth by Plaintiff, or were not applicable to the current situation. Plaintiff is cautioned to exercise greater diligence in compiling the legal authority it submits to the Court.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. 11) is **DENIED**.

Dated this 18th day of December, 2025.

Honorable Diane J. Humetewa
United States District Judge